1  Jeffrey J. Goulder (010258)
   Stefan M. Palys (024752)
2  **STINSON MORRISON HECKER LLP**
   1850 North Central Avenue, Suite 2100
3  Phoenix, Arizona 85004-4584
   Tel: (602) 279-1600
4  Fax: (602) 240-6925
   Email: jgoulder@stinson.com
5         spalys@stinson.com
   Attorneys for JPMC 2005-LDP4
6  Papago Spectrum, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| 1225 West Washington, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JPMC 2005-LDP4 Papago Spectrum, LLC, a Delaware limited liability company,<br><br>Defendant. | No. 2:12-cv-01611-FJM<br><br>**ANSWER**<br><br>(Assigned to the Hon. Frederick J. Martone) |

JPMC 2005-LDP4 Papago Spectrum, LLC ("Defendant") answers the Complaint (Dkt. 1-1) as follows:

1. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraphs 8, 9, 12, 17, 18, 35, 36, 39, 43, 45, and 72, and so denies them.

2. Defendant admits the allegations in paragraphs 4, 6, 10, 14, 15, 16, 20, and 66.

3. Defendant denies the allegations in paragraphs 3, 11, 22, 24, 29, 32, 41, 42, 44, 46, 47, 48, 49, 50, 51, 52, 54, 56, 57, 58, 59, 60, 62, 63, 64, 67, 68, 69, 70, 73, 74, 75, 76, 77, 78, 80, 81, 82, 83, 84, 85, 86, 88, 89, 90, 91, 93, 94, 95, and 96.

4. In response to paragraphs 55, 65, 71, 79, 87, and 92, Defendant incorporates its corresponding responses.

5.     In response to paragraph 1, Defendant admits that 1225 West Washington, LLC ("Plaintiff") is a Delaware limited liability company, and that it is the nominee of GLL Real Estate Partners, Inc. ("GLL"), but lacks sufficient information concerning the remaining allegations in paragraph 1 and so denies them.

6.     In response to paragraph 2, Defendant admits that it owns a leasehold interest in the property referenced in the Complaint as Papago Spectrum in Tempe, Arizona (hereafter, the "Property"), but denies the remaining allegations in paragraph 2.

7.     In response to paragraph 5, Defendant admits that this Court generally has the power to grant equitable relief, restitution, and/or damages, but it denies that the exercise of such power is warranted in this case, and denies any remaining allegations in paragraph 5.

8.     In response to paragraph 7, Defendant admits that it held a leasehold interest in the Property, and admits the remaining allegations in paragraph 7.

9.     In response to paragraph 13, Defendant admits that GLL made an offer to purchase the Property on August 19, 2011, and that the offer contemplated a due diligence period "during the negotiations of the P&S," but lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 13, and so denies them.

10.    In response to paragraph 19, Defendant admits that Mr. Quiett sent a communication to Dennis Desmond, but denies the remaining allegations in paragraph 19.

11.    In response to paragraph 21, Defendant admits that GLL's counsel sent Defendant's counsel an email, and that the email included the words "While the list is lengthy, I anticipate that we can easily work through these comments with the possible exception of the parking garage encroachment described in Item 16 above," but Defendant denies the remaining allegations in paragraph 21.

2

1	12.	In response to paragraph 23, Defendant admits that GLL's counsel wrote an email to Defendant's counsel stating that "I received word today from my client that my client's counter offer had been approved by the seller," but Defendant denies the remaining allegations in paragraph 23.

13.	In response to paragraph 25, Defendant admits that the parties continued working towards the possible execution of a Purchase & Sale Agreement ("P&S Agreement") after October 28, 2011, but denies the remaining allegations in paragraph 25.

14.	In response to paragraph 26, Defendant admits that a possible sale of the Property, if any, was to be accomplished by documentation with terms to be agreed-upon later, but denies the remaining allegations in paragraph 26.

15.	In response to paragraph 27, Defendant admits that its counsel wrote an email to GLL's counsel containing the words "has very much invested in getting this deal done" and "during the closing period," but Defendant deny the remaining allegations in paragraph 27.

16.	In response to paragraph 28, Defendant admits that in the time after November 15, 2011, it continued to work toward the possible execution of a P&S Agreement; but Defendant denies the remaining allegations in paragraph 28.

17.	In response to paragraph 30, Defendant admits that GLL's nominee, 1225 West Washington, LLC, is a Delaware limited liability company, and that Defendant was aware that GLL could have a nominee acquire the Property, but Defendant denies the remaining allegations in paragraph 30.

18.	In response to paragraph 31, Defendant admits that it continued to work towards the possible execution of a P&S Agreement in the months following November 2011, but denies the remaining allegations in paragraph 31.

19.	In response to paragraph 33, Defendant admits its counsel wrote an email to Salt River Project's counsel, James R. Huntwork, on December 15, 2011 at 11:35

3

a.m. that said "Can you give an update? A lot of time has passed in the process and we would really like to get it moving forward and wrapped up as soon as possible." Defendant denies the remaining allegations in paragraph 33.

20. In response to paragraph 34, Defendant admits that Clifford Ogle, who is the senior vice president of C-III Asset Management, LLC, wrote an email on December 16, 2011 at 7:05 a.m. asking "At this pace, do we expect to close in February?" Defendant denies the remaining allegations in paragraph 34.

21. In response to paragraph 37, Defendant admits that its counsel wrote an email to Salt River Project's counsel on March 6, 2012 at 12:44 p.m., and that the email stated "As you know, we have a sale pending on this property. Our buyer has been patient with us . . . ." Defendant denies the remaining allegations in paragraph 37.

22. In response to paragraph 38, Defendant admits that its counsel wrote to Salt River Project's counsel on March 21, 2012 at 11:10 a.m., and that the email contained the words "has decided that it must move ahead with potholing" and "to try to avoid losing its deal for transfer of its ground sublease interest." Defendant denies the remaining allegations in paragraph 38.

23. In response to paragraph 40, Defendant admits that its counsel and GLL's counsel exchanged emails concerning proposed language pertaining to casualty and condemnation issues, but it denies the remaining allegations in paragraph 40.

24. In response to paragraph 53, Defendant admits that this matter arises out of contract pursuant to A.R.S. § 12-341.01, but denies the remaining allegations in that paragraph.

25. In response to paragraph 61, Defendant admits that it terminated negotiations toward the possible execution of a P&S Agreement, and that no final agreement was ever reached, but it denies the remaining allegations in paragraph 61. Defendant affirmatively alleges that the following conditions precedent to having a contract were not satisfied: (1) the P&S Agreement was not approved by Defendant's

4

"Senior Management;" (2) the P&S Agreement was not fully executed; and (3) the P&S Agreement was not unconditionally delivered by Defendant to Plaintiff.

26. Any allegation not specifically addressed is denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint is barred by the statute of frauds.

3. The Complaint is barred by failure of consideration.

4. The Complaint is barred by waiver.

5. The Complaint is barred by laches.

6. The Complaint is barred by estoppel.

## PRAYER FOR RELIEF

Defendant requests the following relief against Plaintiff in connection with its Complaint:

A. Judgment in favor of Defendant and against Plaintiff;

B. Attorneys' fees and costs incurred by Defendant in defending this action pursuant to the License, Early Termination and Indemnification Agreement dated September 1, 2011, and A.R.S. § 12-341.01; and

C. Such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 13th day of August, 2012.

**STINSON MORRISON HECKER LLP**

By: /s/ Stefan M. Palys
Jeffrey J. Goulder
Stefan M. Palys
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Attorneys for JPMC 2005-LDP4 Papago Spectrum, LLC

5

# CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2012, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF to:

>James A. Craft
>Christopher L. Hering
>GAMMAGE & BURNHAM P.L.C.
>Two North Central Avenue
>15th Floor
>Phoenix, AZ 85004
>602-256-0566
>jcraft@gblaw.com
>chering@gblaw.com
>Attorneys for Plaintiff

A courtesy copy is being hand-delivered to Judge Martone.

                      /s  MaryEllen Santana

6

<u>VERIFICATION</u>

I, Clifford D. Ogle, am employed by C-III Asset Management, LLC ("C-III") as a Senior Vice President. C-III is a successor to J.E. Robert Company, Inc. ("JER"), where I used to work. JER was, and C-III now is, the special servicer for Wells Fargo Bank, N.A., which is the trustee of the trust that is the sole member of JPMC 2005-LDP4 Papago Spectrum, LLC ("Defendant"). I have personal knowledge of the matters set forth in the Complaint and this Answer, and am authorized to execute this verification on behalf of Defendant. I have reviewed the allegations set forth in the Complaint and this Answer, and hereby verify under penalty of perjury pursuant to 28 U.S.C. § 1746, that the responses set forth herein are true, correct, and accurate.

EXECUTED this 13 day of August, 2012.

_____
Clifford D. Ogle